| Case No. | **CV 24-6774-DMG (Ex)** | Date | September 4, 2024 |
|---|---|---|---|

| Title | *Wyner Law Group, PC v. Ronald Eugene Soltes, Sr., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

On August 9, 2024, Plaintiff Wyner Law Group, PC ("WLG") filed a Complaint against Defendants Ronald Eugene Soltes, Sr., Karen Soltes, and the Law Offices of Keith L. Howard, PLLC, alleging claims relating to a contract dispute between the parties. [Doc. # 1.]

Under 28 U.S.C. section 1332(a)(2), the Court has original jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state," where the amount in controversy is also met. Limited liability companies and partnerships are citizens of every state or country in which their owners, members, or partners are citizens. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (addressing citizenship of LLCs); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990) (addressing citizenship of partnerships).

The Complaint does not properly allege the citizenship of the Law Offices of Keith L. Howard, PLLC. It alleges that the Law Offices of Keith L. Howard is a professional limited liability company organized pursuant to the laws of North Carolina, with a principal place of business in North Carolina. Compl. ¶ 4.[1] It also alleges that Keith L. Howard is a member of the Law Offices of Keith L. Howard, but does not specify his citizenship, nor does it indicate whether there are any additional members whose citizenship must be accounted for. *Id.* at 3. To meet its burden under Section 1332(a), WLG "must be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted).

WLG is therefore **ORDERED TO SHOW CAUSE** in writing by no later than **September 18, 2024,** why this action should not be dismissed without prejudice for lack of

---

[1] Plaintiff does not provide paragraph numbers throughout its entire Complaint. For the purposes of this Order, the Court refers to the paragraph number if one was provided, but otherwise refers to the page number inserted by the CM/ECF system.

subject matter jurisdiction.  Failure to file a timely satisfactory response by this deadline will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**